# Exhibit A

Case# 2024-00408-0 - JUDGE.41 Received at County of Bucks Prothonotary on 01/19/2024 9:14 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: David W. Ghisalbert, Esq.



## COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

ABIRA MEDICAL LABORATORIES LLC

vs.

KAISER FOUNDATION HEALTH PLAN OF THE MID-ATLANTIC STATES INC

NO.  2024-00408

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Bucks County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:     David W. Ghisalbert, Esq., ID: 328556

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit**     ☐ Yes     ☒ No

**MDJ Appeal**     ☐ Yes     ☒ No          **Money Damages Requested** ☒

**Commencement of Action**:          **Amount in Controversy**:

Complaint          More than $50,000

## Case Type and Code

Contract:

Debt Collection: Other

**Other**:

Case# 2024-00408-0 - JUDGE.41 Received at County of Bucks Prothonotary on 01/19/2024 9:14 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: David W. Ghisalbert, Esq.

## IN THE COURT OF COMMON PLEAS
## BUCKS COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **ABIRA MEDICAL LABORATORIES,** | § | |
| **LLC d/b/a GENESIS DIAGNOSTICS,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **CASE NO.** _____ |
| | § | |
| **KAISER FOUNDATION HEALTH PLAN** | § | |
| **OF THE MID-ATLANTIC STATES, INC.,** | § | |
| | § | |
| *Defendant* | § | |

## <u>PLAINTIFF'S VERIFIED COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics, the Plaintiff herein ("Plaintiff"), who files the following Complaint against Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. (the "Defendant"). In support thereof, Plaintiff would respectfully show unto the Court as follows:

I.

<u>NATURE OF THE CASE</u>

1.      This is a breach of contract action. Defendant intentionally and unlawfully refused to pay Plaintiff for services rendered. Plaintiff will be seeking actual damages of $579,516.00, plus punitive damages, interest, and costs of suit, including attorney's fees.

2.      Plaintiff's claims arise from Defendant's intentional, unlawful, and long-standing refusal to properly pay more than $579,516.00 for services Plaintiff rendered to Defendant's subscribers over an extended period. Pursuant to applicable law, Plaintiff was, among other things, entitled to have its claims for services rendered to Defendant's subscribers and/or members

1

Case# 2024-00408-0 - JUDGE:41 Received at County of Bucks Prothonotary on 01/19/2024 9:14 PM, Fee = $283.25, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: David W. Ghisalbert, Esq.

processed and paid promptly. Instead, Defendant regularly refused to pay and/or underpaid claims correctly and accurately submitted by Plaintiff or simply failed to respond in any way to numerous claims submitted by the Plaintiff, all in violation of applicable state and federal law.

3.      Indeed, as set forth more fully below, in many of the instances where Defendant did respond, Defendant offered spurious explanations – obviously created from whole cloth – to provide pretextual grounds designed to permit Defendant to either avoid paying altogether, or to substantially underpay, legitimate claims submitted by the Plaintiff.

4.      More specifically, Defendant improperly refused to pay (or underpaid) Plaintiff thousands of dollars for services it rendered to numerous of Defendant' subscribers and/or members for numerous pretextual reasons, including purported, (a) lack of adequate claim information provided by Plaintiff; (b) untimely filing of claims; (c) lack of coverage by the subscribers/members for the services provided; and/or (d) failure to meet conditions of coverage. For the claims at issue, these purported bases for denial of coverage were entirely groundless and have deprived the Plaintiff thousands of dollars to which it was rightfully entitled to receive.

5.      As a result of Defendant's refusal and failure to abide by its obligations, as well as its duties of good faith and fair dealing owed to Plaintiff, the Plaintiff was compelled to bring this matter before the Court, seeking substantial damages incurred by it as a proximate result of the Defendant's actions and/or omissions.

II.

PARTIES

6.      Plaintiff is a New Jersey limited liability company authorized to conduct business in the Commonwealth of Pennsylvania. At the time of the events made the subject matter of this litigation, it held a medical laboratory testing license issued by the Commonwealth of

Case# 2024-00408-0 - JUDGE:41 Received at County of Bucks Prothonotary on 01/19/2024 9:14 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: David W. Ghisalbert, Esq.

Pennsylvania, and it maintained its principal place of business at 900 Town Center Drive, Suite H50, Langhorne, Pennsylvania 19047. At all relevant times, Plaintiff was an out-of-network provider of laboratory testing services to Defendant's subscribers/members, who provided such services to, among other places, individuals who reside in Bucks County, Pennsylvania.

7.     Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. is a foreign corporation, which, on information and belief, is authorized to conduct business in the Commonwealth of Pennsylvania, and who, on further information and belief, provided health insurance services throughout the Commonwealth, including without limitation, Bucks County, Pennsylvania. Defendant may be served with process by and through its officers and/or agent for service who may be found at its principal place of business, at 2101 East Jefferson Street, Rockville, Maryland 20852.

III.

<u>JURISDICTION and VENUE</u>

6.     Subject matter jurisdiction of this action is proper herein by virtue of 42 Pa. C. S. §931(a). The Court has personal jurisdiction over the Defendant in accordance with 42 Pa. C. S. §5301(a)(2).

7.     Venue is proper in this Court in furtherance of 42 Pa. R. C. P. §1006(b) and 42 Pa. R. C. P. §2179, because a substantial part of the events, transactions and/or occurrences giving rise to Plaintiff's claims set forth herein occurred within this judicial district.

IV.

<u>FACTUAL BACKGROUND</u>

8.     At all times material to the events made the subject matter of this lawsuit the Plaintiff operated a licensed medical testing laboratory business based in Langhorne,

Case# 2024-00408-0 - JUDGE 41 Received at County of Bucks Prothonotary on 01/19/2024 9:14 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: David W. Ghisalbert, Esq.

Pennsylvania. The Plaintiff performed clinical laboratory, pharmacy, genetics, addiction rehabilitation, and COVID-19 testing services on specimens submitted by medical service providers, on behalf of Defendant's subscribers/members, for numerous patients located throughout the United States (the "Laboratory Testing Services").

## A.   DEFENDANT FAILED TO PAY PLAINTIFF FOR LABORATORY TESTING SERVICES RENDERED.

9.     By tendering Laboratory Testing Services to the Defendant's subscribers/members, a contract was created between the Plaintiff and Defendant. As Plaintiff has come to learn, the Defendant – over an extended period – blatantly disregarded, among other of its duties, Defendant's express payment obligations to Plaintiff.

10.    Indeed, it has become apparent that Defendant engaged in a long campaign designed to deprive Plaintiff of thousands of dollars it is rightfully owed for services Plaintiff rendered to Defendant's subscribers and/or members. To advance this campaign, Defendant repeatedly either *failed to respond at all to properly submitted claims* or fabricated some other basis to improperly refuse to make payment to Plaintiff.

11.    By way of example only and without limitation, Defendant used the following contrived and meritless reasons for refusing and neglecting to properly process a myriad of Plaintiff's claims for payment: (i) lack of adequate claim information provided by Plaintiff; (ii) untimely filing of claims; and (iii) lack of coverage by the subscriber/member for the services provided.

12.    Defendant's refusal to properly process and pay Plaintiff for the Laboratory Testing Services it rendered to Defendant's subscribers/members on these bases was entirely groundless, has deprived Plaintiff of thousands of dollars to which it is rightfully entitled and constitutes a material breach of Defendant's payment obligations.

Case# 2024-00408-0 - JUDGE.41 Received at County of Bucks Prothonotary on 01/19/2024 9:14 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: David W. Ghisalbert, Esq.

V.

<u>CAUSES OF ACTION</u>

**A.**     <u>**COUNT 1 – Breach of Contract**</u>.

13.     Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in paragraphs 1 through 12 above.

14.     The agreement between Plaintiff and Defendant for Plaintiff to provide Laboratory Testing Services to Defendant's subscribers/members constitutes a valid and binding contract between Plaintiff and Defendant (the "Contract").

15.     Plaintiff has performed all of its obligations under the Contract, including without limitation properly submitting claims to Defendant, and has not breached any of the obligations between the parties.

16.     Pursuant to the Contract, Plaintiff was, among other things, entitled to have its claims for services rendered to Defendant's subscribers/members processed and paid promptly by Defendant.

17.     Instead, Defendant repeatedly breached the Contract by either failing to respond at all to properly submitted claims or, for those claims in which Defendant did choose to respond, regularly refusing to pay and/or underpaying claims submitted by Plaintiff for reasons that were (and remain) entirely groundless.

18.     Because of Defendant's multiple breaches of the Contract, Plaintiff has been deprived of thousands of dollars to which it is contractually (and otherwise) entitled. The Defendant has not made any payments whatsoever to the Plaintiff, and the current balance due and owing totals $579,516.00 for Laboratory Testing Services rendered by the Plaintiff to the Defendant's subscribers and/or members.

Case# 2024-00408-0 - JUDGE.41 Received at County of Bucks Prothonotary on 01/19/2024 9:14 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: David W. Ghisalbert, Esq.

19.     Defendant's failure to pay Plaintiff as required under the Contract (and applicable law) has proximately caused damages to Plaintiff in an amount to be determined by the trier of fact at trial.

**B.      COUNT 2 – Breach of Implied Covenant of Good Faith and Fair Dealing.**

20.     Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in paragraphs 1 through 19 above.

21.     The Contract constitutes a valid and binding agreement between Plaintiff and Defendant.

22.     Implied in all contracts is a covenant of good faith and fair dealing.

23.     Defendant's actions here, including but not limited to, its failure and/or refusal to respond at all to properly submitted claims or, for those claims in which Defendant did choose to respond, regularly refusing to pay and/or underpaying claims submitted by Plaintiff for reasons that were (and remain) entirely groundless, breached this implied covenant.

24.     Defendant's breach of the implied covenant of good faith and fair dealing has proximately caused damages to Plaintiff in an amount to be determined by the trier of fact at trial.

**C.      COUNT 3 – Fraudulent and Negligent Misrepresentation; Equitable and Promissory Estoppel.**

25.     Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in paragraphs 1 through 24 above.

26.     Plaintiff relied upon the representations and course of conduct between Defendant and Plaintiff. Plaintiff's reliance upon Defendant's misrepresentations was reasonable and justified.

27.     As a result, Defendant is precluded, both at law and in equity, from asserting rights which might have existed against Plaintiff because Plaintiff in good faith relied upon Defendant's

Case# 2024-00408-0 - JUDGE:41 Received at County of Bucks Prothonotary on 01/19/2024 9:14 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: David W. Ghisalbert, Esq.

representations and the parties' course of dealings. Plaintiff was induced to adversely change its position because Plaintiff provided Laboratory Testing Services to Defendant's subscribers and/or members under the belief that it would be compensated by Defendant for those services.

28.     Moreover, Defendant is precluded, both at law and in equity, from asserting rights which might have existed against Plaintiff because Plaintiff in good faith relied upon and expected Defendant to comply with its payment obligations.

29.     Defendant has demonstrated that that it did not intend to reimburse Plaintiff for providing Laboratory Testing Services for Defendant's subscribers and/or members in accordance with Defendant's own reimbursement standards and protocols.

30.     Defendant's practice of inducing Plaintiff to provide Laboratory Testing Services to Defendant's subscribers and/or members, Defendant's refusal to pay for these services, and its improper practice of providing reimbursement for services at amounts far below those required by Defendant's own policies and protocols, is intentional, willful, and malicious.

31.     Defendant has therefore fraudulently induced Plaintiff to perform Laboratory Testing Services for Defendant's subscribers and/or members, for which Defendant had no intention to pay, and for which Defendant, in fact, did not pay, or paid at amounts far below those required by Defendant' own policies and protocols.

32.     Thus, Defendant is also precluded from repudiating its payment and other contractual and statutory obligations because to do so would be violative of the demands of justice and good conscience, whether such failure arose by silence or omission where one has a duty to speak or act.

33.     By failing to pay Plaintiff the usual, customary, and reasonable charges for its professional services, in accordance with Defendant's own reimbursement standards and

7

Case# 2024-00408-0 - JUDGE:41 Received at County of Bucks Prothonotary on 01/19/2024 9:14 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: David W. Ghisalbert, Esq.

protocols, Defendant breached its obligation to reimburse Plaintiff for providing testing services for Defendant's subscribers and/or members. Accordingly, Defendant has proximately caused damages to Plaintiff in an amount to be determined by the trier of fact at trial.

**D.      COUNT 4 – <u>Quantum Meruit // Unjust Enrichment</u>.**

34.     Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in paragraphs 1 through 33 above.

35.     In performing Laboratory Testing Services for Defendant's subscribers and/or members, which Defendant for which Defendant did not pay, or paid at amounts far below those required by Defendant's own policies and protocols, Plaintiff conferred a benefit upon Defendant's subscribers and/or members and, therefore, upon the Defendant.

36.     Defendant has enriched itself at Plaintiff's expense by failing and refusing to compensate Plaintiff for providing Laboratory Testing Services to Defendant's subscribers and/or members, including without limitation COVID-19 testing under the Families First Coronavirus Response Act and Coronavirus Aid, Relief, and Economic Security Act, and instead Defendant is using those funds for Defendant's own purposes.

37.     It is against equity and good conscience to permit Defendant to retain the money it intentionally and wrongfully failed to pay to Plaintiff.

38.     Plaintiff is therefore entitled to recover all funds it is owed for providing Laboratory Testing Services, including without limitation COVID-19 testing under the FFRCA and the CARES Act, which Defendant intentionally and wrongfully failed to pay to Plaintiff.

39.     By reason of the unjust enrichment of Defendant at Plaintiff's expense, Plaintiff is entitled to judgment against Defendant in the amount of not less than $579,516.00, plus interest.

Case# 2024-00408-0 - JUDGE.41 Received at County of Bucks Prothonotary on 01/19/2024 9:14 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: David W. Ghisalbert, Esq.

VI.

## DAMAGES AND ATTORNEY'S FEES

40.     Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations and allegations set forth in paragraphs 1 through 39 above.

41.     Plaintiff requests all damages, compensatory, direct, general and/or special, legal, and equitable, punitive and/or exemplary, as allowed by law; in excess of the minimum jurisdictional limits of the Court. The Plaintiff also requests judgment for all other relief to which it may show itself entitled to receive.

42.     To the extent allowed by either contract, statute, common law, or equity, Plaintiff additionally seeks to recover its reasonable and necessary attorney's fees incurred by it with respect to the claims and/or defenses asserted in this lawsuit.

VII.

## PRE – AND POST-JUDGMENT INTEREST

43.     Plaintiff hereby pleads for pre-judgment interest at the maximum rate allowed by law. Plaintiff further pleads for post-judgment interest at the maximum rate allowed by law.

VIII.

## COSTS OF COURT and OUT-OF-POCKET EXPENSES

44.     Plaintiff pleads for all costs of court and out-of-pocket expenses incurred during its prosecution of the instant lawsuit.

IX.

## JURY DEMAND

45.     In furtherance of 231 Pa. Code §1007.1, Plaintiff hereby demands a trial by jury on all issues of fact raised herein.

Case# 2024-00408-0 - JUDGE.41 Received at County of Bucks Prothonotary on 01/19/2024 9:14 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: David W. Ghisalbert, Esq.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics prays for judgment against Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., and requests the Court to award it the following damages in this case:

(a)    compensatory, direct, or actual damages in the amount of not less than $579,516.00;

(b)    all legal, equitable, consequential, and/or incidental damages as determined by the trier of fact;

(c)    punitive and/or exemplary damages as determined by the trier of fact;

(d)    attorney's fees, costs of court, and out-of-pocket expenses;

(e)    pre- and post-judgment interest at the highest rate(s) allowed by law; and

(f)    all such other and further relief, either at law or in equity, as may be deemed appropriate by the Court.

Respectfully submitted this 19th day of January, 2024.

LAW OFFICE OF DAVID W. GHISALBERT

By:    / S /   D.W. Ghisalbert
       David W. Ghisalbert
       Pa. ID No. 328556
       5907 Bonita Creek
       Missouri City, Texas 77459
       (713) 808-9697 [telephone]
       (713) 893-6942 [facsimile]
       dghisalbert@dwglawoffice.com [email]

       ATTORNEY FOR PLAINTIFF,
       ABIRA MEDICAL LABORATORIES,
       LLC d/b/a GENESIS DIAGNOSTICS

Case# 2024-00408-0 - JUDGE.41 Received at County of Bucks Prothonotary on 01/19/2024 9:14 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: David W. Ghisalbert, Esq.

## VERIFICATION

I, Abraham Miller, Vice President of Research & Development for Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics, hereby verifies that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements herein are made pursuant to 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Dated: January 19 , 2024

Abraham Miller, Vice-President
of Research and Development for
Abira Medical Laboratories, LLC
d/b/a Genesis Diagnostics

11

Case# 2024-00408-0 - JUDGE:41 Received at County of Bucks Prothonotary on 01/19/2024 9:14 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: David W. Ghisalbert, Esq.

## IN THE COURT OF COMMON PLEAS
## BUCKS COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| **ABIRA MEDICAL LABORATORIES,**<br>**LLC d/b/a GENESIS DIAGNOSTICS,** | } |
| | } |
| *Plaintiff* | } |
| | } |
| **vs.** | } **No.** _____ |
| | } |
| **KAISER FOUNDATION HEALTH PLAN** | } **Type of Case:** |
| **OF THE MID-ATLANTIC STATES, INC.,** | } |
| | } |
| *Defendant* | } **CIVIL CASE** |
| | } |
| | } **Type of Pleading:** |
| | } |
| | } **VERIFIED COMPLAINT** |
| _____ | } |
| | } **JURY TRIAL DEMANDED** |
| | } |
| | } **Filed on Behalf of Plaintiff** |
| | } |
| | } **Counsel for Plaintiff:** |
| | } |
| | } **DAVID W. GHISALBERT, ESQ.** |
| | } **Pa. Attorney ID No. 328556** |
| | } **5907 Bonita Creek** |
| | } **Missouri City, Texas 77459** |
| | } **(713) 808-9697 [telephone]** |
| | } **dghisalbert@dwglawoffice.com** |

## <u>NOTICE TO DEFEND</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Bucks County Bar Association
135 East State Street
Doylestown, PA 18901
Phone (215) 348-9413, 1-800-479-8585
www.bucksbar.org

PA Bar Association: www.pabar.org

**/ S /  D.W. Ghisalbert**
DAVID W. GHISALBERT, ESQ.
Attorney for Plaintiff
Pa. Attorney ID No. 328556
5907 Bonita Creek
Missouri City, Texas 77459
(713) 808-9697 [telephone]
dghisalbert@dwglawoffice.com

Case# 2024-00408-0 - JUDGE.41 Received at County of Bucks Prothonotary on 01/19/2024 9:14 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: David W. Ghisalbert, Esq.